```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
SHERLEIGH ASSOCIATES INC.,    :
PROFIT SHARING PLAN,          :
         Plaintiff,           :    04 Civ. 907 (JFK)
    -against-                 :    MEMORANDUM OPINION
                              :         and ORDER
                              :
PATRON SYSTEMS, INC. (f/k/a   :
Patron Holdings, Inc.),       :
PATRICK J. ALLIN and          :
ROBERT E. YAW,                :
         Defendants.          :
------------------------------X
```

APPEARANCES:

    For Defendant Patrick J. Allin:

        Carolyn Dizon, Esq.
        DLA Piper Rudnick Gray Cary US LLP
        1251 Avenue of the Americas
        New York, New York 10020

        Michael S. Poulos, Esq.
        Douglas W. Hyman, Esq.
        DLA Piper Rudnick Gray Cary US LLP
        203 North LaSalle Street, Suite 1800
        Chicago, Illinois 60601

    For Defendants Patron Systems, Inc., and Robert E. Yaw:

        Lawrence S. Hirsh, Esq.
        Paul Fakler, Esq.
        Thelen Reid & Priest LLP
        875 Third Avenue
        New York, New York 10022-6225


**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

This is a diversity action for common law fraud in connection with a stock purchase. Plaintiff Sherleigh Associates, Inc., Profit Sharing Plan ("Sherleigh") is a New York investment company with its principal place of business in New York City. Defendant Patron Systems Inc. ("Patron") is a Delaware corporation with its principal place of business in either Florida or Illinois.[1] Defendant Patrick Allin, Patron's former CEO and a member of the Board of Directors, is a resident of Illinois. Defendant Robert Yaw, the Chairman of Patron's Board of Directors, is a resident of Florida.

Plaintiff claims that defendants represented, in early 2003, that Patron was poised to acquire two target corporations that would make Patron a strong company with $40 million in expected revenues. Based on information provided by defendants, and on the results of plaintiff's own research, plaintiff purchased one million shares of Patron stock between March 19 and March 28, 2003, at two dollars per share. According to plaintiff, the anticipated acquisition of the two target companies never took place. The value of plaintiff's shares dropped to less than

---

[1] The pleadings and other submissions do not make clear in which of these two states Patron has its principal place of business.

twenty cents per share as a result.

Plaintiff and Defendant Allin have reached a settlement, embodied in a Settlement Agreement.  "**The Settlement Agreement is conditioned on a finding by this Court that (1) the Settlement Agreement was entered into in good faith and (2) bars any future contribution claims against Defendant Allin relating to the claims or allegations asserted in Plaintiff's Amended Complaint.**" Memorandum in Support of Motion to Voluntarily Dismiss and to Issue Bar Order ("Mem. in Support") at 2-3 (emphasis in original).  They thus move the Court for the entry of an Order dismissing Defendant Allin with prejudice, finding that the settlement is fair, reasonable and in good faith, and barring any subsequent claims by Defendants Patron and/or Yaw against Allin for contribution or indemnification relating to the claims or allegations asserted in Plaintiff's amended complaint.  They seek the Court's determination that the settlement was reached in good faith and the Court's Order dismissing the action with prejudice as to Allin and barring all claims in contribution and indemnification with respect to the claims specified in Plaintiff's Amended Complaint.

Defendants Patron and Yaw oppose the motion on the following grounds:  (1) that contribution is regulated by N.Y. General

2

Obligations Law § 15-108 ("§ 15-108") and thus need not be addressed by the Court; (2) that indemnification is not covered by § 15-108 and thus an Order barring indemnification claims should not be issued, at least with respect to claims that Patron might make; and (3) that no evidence has been put forth demonstrating the reasonableness of the settlement.

Following the service of Defendants Patron and Yaw's Memorandum in Opposition to the Plaintiff's and Defendant Allin's Joint Motion to Voluntarily Dismiss and for Bar Order ("Mem. in Opp."), Plaintiff and Defendant Allin modified their request to accommodate some of Defendants Patron and Yaw's concerns. They submitted a Proposed Order reflecting these modifications. Reply Memorandum in Support of Motion to Voluntarily Dismiss and to Issue Bar Order ("Rep. Mem.") Exhibit B.

**I. New York General Obligations Law § 15-108**

"[T]he Court notes the strong federal and state interest in promoting settlements and the role of bar orders in serving that interest." <u>FDIC v. Abel</u>, No. 92 Civ. 9175 (JFK), 1995 WL 716729 at *13 (S.D.N.Y. Dec. 6, 1995). In the context of the settlement of a state common law tort claim, the entry of a bar order pursuant to § 15-108 is appropriate. <u>Id.</u> Section 15-108 contains the following provisions:

3

> (b) Release of tortfeasor. A release given in good faith by the injured person to one tortfeasor . . . relieves him from liability to any other person for contribution . . . .
>
> (c) Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.

New York Gen. Oblig. Law § 15-108 (McKinney 2001).

Defendants Patron and Yaw argue that Plaintiff and Defendant Allin overlooked two key elements of these provisions in drafting the original Proposed Settlement Agreement. First, under § 15-108, the bar against contribution claims is a two-way street, such that non-settling defendants cannot bring contribution claims against settling defendants, <u>and</u> settling defendants cannot bring contribution claims against non-settling defendants. Second, a finding of good faith, rather than reasonableness, is all that the statute requires.

As to the first issue, Plaintiff and Defendant Allin have conceded their error. Rep. Mem. at 2 n.2. They have addressed this deficiency in their Proposed Order. Because of this concession, Plaintiff and Defendant Allin's request regarding contribution claims under § 15-108 is granted.

As to the second issue, Plaintiff and Defendant Allin also concede that a finding of reasonableness has been required by only one district court in this circuit in a non-class action case. Thus, "[i]f this Court determines that a reasonableness finding is not necessary to issue the requested bar order, Defendant Allin requests that the requested bar order be entered without a finding of reasonableness." Rep. Mem. at 7. Because of the plain language of the statute, and on the basis of the parties' submissions, the request for a finding of good faith is granted and there is no need for a finding of reasonableness.

**II. Indemnification**

As a preliminary matter, it is important to note the difference between contribution and indemnification.

> The right of contribution arises among several tort-feasors who share culpability for an injury to the plaintiff and whose liability may be equitably apportioned according to fault. Indemnity, however, flows from either a contractual or other relationship between the actual wrongdoer and another, such as that of employee and employer, and involves a complete shifting of the loss.

Riviello v. Waldron, 47 N.Y.2d 297, 306 (1979) (citations omitted). "A classic indemnity claim exists, of course, in favor

of a person who has been held vicariously liable for the tort of another.  Thus, an employer who has been cast in damages, by virtue of respondeat superior, may obtain indemnity from his employee." McDermott v. City of New York, 50 N.Y.2d 211, 218 n.4 (1980) (citation omitted).

The Court of Appeals of New York has held that § 15-108 does not preclude indemnification claims between settling and non-settling parties. See, e.g., Rosado v. Proctor & Schwartz, Inc., 66 N.Y.2d 21, 24 (1985) (citations omitted).  However, to establish a viable indemnification claim, the party seeking indemnification "must show that it may not be held responsible in any degree," that is, any liability that may be found against the party must flow from an indemnification relationship as described above.  Id. at 24-25; see Sabater v. Lead Indus. Ass'n, No. 00 Civ. 8026 (LMM), 2001 WL 1111505 at *5 (S.D.N.Y. Sept. 21, 2001); Lewis v. Rosenfeld, No. 00 Civ. 5368 (SAS), 2002 WL 441185 at *4 (S.D.N.Y. Mar. 20, 2002).  If, based on this requirement, no viable indemnification claim is possible, a court may issue an order barring such an indemnification claim.  See FDIC v. Bober, No. 95 Civ. 9529 (JSM), 1999 WL 440779 at *1-2 (S.D.N.Y. June 29, 1999); Resolution Trust Corp. v. Young, 925 F. Supp. 164, 168-69 (S.D.N.Y. 1996) (interpreting the request for an order barring indemnification claims as a motion to dismiss with prejudice all

6

cross-claims for indemnification against a settling party and dismissing those claims).

Plaintiff and Defendant Allin assert that no relationship giving rise to an indemnification situation exists between Defendants Allin and Yaw, and therefore, Yaw could not bring a viable indemnification claim against Allin. Yaw concedes this in the memorandum in opposition. Mem. in Opp. at pages 7-8, note 5. Therefore, Plaintiff and Defendant Allin's request for an Order barring indemnification claims brought by Yaw against Allin with respect to the claims specified in Plaintiff's Amended Complaint is granted.

Plaintiff and Defendant Allin also seek an order barring indemnification claims that Patron might bring against Allin with respect to the claims specified in Plaintiff's Amended Complaint. Plaintiff and Defendant Allin say that, with respect to Allin, Patron cannot make the required showing that it may not be held responsible in any degree for any liability that may be found against Patron. Patron says, on the other hand, that the employer-employee relationship is a classic example of a vicarious liability situation such that Patron could indeed be found liable for actions committed by Allin even though Patron may not be responsible to any degree for those actions, and thus

7

Patron could bring an indemnity claim against Allin.  Patron argues that there is no authority by which the Court can grant Allin the requested relief.

Neither party cites any authority to support its contention regarding the existence or non-existence of a vicarious liability relationship between a corporation and its CEO or its board members.  It is clear that a director or officer of a corporation may seek indemnification from the corporation, and, indeed, many states have statutes that provide for such indemnification.  However, the Court has found no authority exploring the issue of whether or not a corporation may seek indemnification from its directors or officers under a theory of <u>respondeat superior</u>.  In the absence of such authority, the Court will not grant Allin relief that § 15-108 does not anticipate.  For this reason, Allin's request for an order barring Patron from bringing any indemnification claims against Allin with respect to the claims specified in Plaintiff's Amended Complaint is denied.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that:

1. Pursuant to the Settlement between Plaintiff Sherleigh and Defendant Allin, each and every claim asserted in this litigation by Plaintiff Sherleigh against Defendant Allin is dismissed with prejudice;

2. Plaintiff Sherleigh and Defendant Allin will each bear their own costs and attorneys' fees relating to this litigation;

3. This Court retains jurisdiction to enforce the terms of the Settlement between Plaintiff Sherleigh and Defendant Allin;

4. This Court has been apprised of the negotiations that preceded the Settlement and finds that the Settlement is a result of arms-length bargaining among Plaintiff Sherleigh and Defendant Allin and represents a good faith compromise and resolution of the matters settled. This Court thus finds that the Settlement, and the releases contained therein, were given in good faith pursuant to N.Y. General Obligations Law § 15-108;

5. Pursuant to N.Y. General Obligations Law § 15-108, Defendants Patron and Yaw are barred and enjoined from bringing any action styled in contribution against Defendant Allin with respect to the claims specified in Plaintiff's Amended Complaint;

6. Pursuant to N.Y. General Obligations Law § 15-108, Defendant Allin is barred and enjoined from bringing any action styled in contribution against Defendants Patron Systems, Inc.

9

and/or Robert Yaw with respect to the claims specified in Plaintiff's Amended Complaint;

7. Having determined that Defendant Yaw cannot, under any set of facts, maintain a claim against Defendant Allin styled in indemnification with respect to the claims specified in Plaintiff's Amended Complaint, such claims are hereby enjoined and barred;

8. In the event that an adverse judgment is entered in this matter against Defendants Patron and/or Yaw, Defendants Patron and/or Yaw are entitled to a judgment setoff as prescribed by N.Y. General Obligations Law § 15-108.

9. Plaintiff Sherleigh and Defendants Patron and Yaw shall appear before the Court for a conference on Monday, August 29, 2005, at ten o'clock in the forenoon.

SO ORDERED.

Dated:  New York, New York
        August 9, 2005

_____
JOHN F. KEENAN
United States District Judge